**TRAFLET & FABIAN**
ATTORNEYS AT LAW
Carriage Court Two
264 South Street
MORRISTOWN, NEW JERSEY  07960
(973) 631-6222

ATTORNEYS FOR Defendant
General Electric Company

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TRAFALGAR ASSOCIATES, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 06-2971(FSH)(PS) |
| | : | |
| -vs- | : | |
| | : | **GENERAL ELECTRIC COMPANY'S** |
| GENERAL ELECTRIC COMPANY, and | : | **ANSWER TO COMPLAINT, SEPARATE** |
| ABC CORPORATION, | : | **DEFENSES, CROSSCLAIMS AND** |
| | : | **DEMAND FOR JURY TRIAL** |
| Defendants. | : | |
| | : | (Document Electronically Filed) |
| | : | |

Defendant General Electric Company ("GE"), by way of Answer to the Complaint, says:

### FIRST COUNT

1.      It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.      It admits that GE is a New York corporation, with its principal place of business located at 3135 Easton Turnpike, Fairfield, Connecticut, and further admits that GE designs,

TRAFLET & FABIAN
Attorneys at Law
Carriage Court Two
264 South Street
Morristown, NJ  07960
(973) 631-6222
Fax (973) 631-6226

manufactures, assembles, sells and/or distributes appliances, including but not limited to refrigerators.

3.      It admits that GE designs, manufactures, assembles, sells and/or distributes appliances, including but not limited to refrigerators.  It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

4.      It denies the allegations contained in paragraph 4.

5.      It denies the allegations contained in paragraph 5.

<div align="center"><b><u>SECOND COUNT</u></b></div>

1.      It repeats its responses to the allegations set forth in the First Count as if set forth at length herein.

2.      It admits that GE designs, manufactures, assembles, sells and/or distributes appliances, including but not limited to refrigerators.  It neither admits nor denies the remaining allegations contained in paragraph 2, which are not directed to GE.

3.      It denies the allegations contained in paragraph 3.

4.      It denies the allegations contained in paragraph 4.

<div align="center"><b><u>FIRST SEPARATE DEFENSE</u></b></div>

Any damages allegedly sustained by the Plaintiff are the result of conduct, negligence, carelessness, recklessness and/or breach of warranties by other parties or entities over whom GE had no administration, supervision or control, or right of control, and for whose actions GE is not and cannot be liable.

TRAFLET &FABIAN
Attorneys at Law
Carriage Court Two
264 South Street
Morristown, NJ  07960
(973) 631-6222
Fax (973) 631-6226

- 2 -

## SECOND SEPARATE DEFENSE

While denying any fault with respect to the subject matter of the Complaint, GE states that insofar as such fault on its part may be found, such fault did not proximately cause any damages allegedly sustained by Plaintiff.

## THIRD SEPARATE DEFENSE

While denying the allegations in the Complaint regarding damages allegedly sustained by Plaintiff, GE states that if Plaintiff proves such damages, they were caused by the superseding and intervening acts, negligence and/or fault of other parties or entities over whom GE had no control, nor right of control, and for whose actions GE is not and cannot be liable.

## FOURTH SEPARATE DEFENSE

Plaintiff was contributorily negligent, and such negligence was the sole proximate, efficient and contributing cause of the Plaintiff's damages.

## FIFTH SEPARATE DEFENSE

Any claim which the Plaintiff may have against GE is barred by, or alternatively, must be reduced by virtue of the doctrine of comparative negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.* and common law.

## SIXTH SEPARATE DEFENSE

Plaintiff knew or reasonably should have known of any dangers (which are denied) allegedly associated with the use of any product manufactured and or sold by GE which is alleged to be at issue and therefore any alleged failure to warn or instruct is not causally related to any damages allegedly sustained by the Plaintiff.

TRAFLET &FABIAN
Attorneys at Law
Carriage Court Two
264 South Street
Morristown, NJ  07960
(973) 631-6222
Fax (973) 631-6226

### SEVENTH SEPARATE DEFENSE

The Complaint fails to state a claim for strict liability against GE under the Products Liability Act, N.J.S.A. 2A:58C-1 *et seq.*

### EIGHTH SEPARATE DEFENSE

GE breached no duty to the Plaintiff.

### NINTH SEPARATE DEFENSE

GE denies that it is liable in strict products liability.  However, if GE may be found strictly liable as the manufacturer or seller of the subject equipment or a component part incorporated into the subject equipment, it incorporates and adopts each and every defense set forth in the Products Liability Act, N.J.S.A. 2A:58C-1, *et seq.*

### TENTH SEPARATE DEFENSE

GE was not negligent and breached no express or implied warranties.

### ELEVENTH SEPARATE DEFENSE

Any damages which the Plaintiff allegedly sustained resulted from an abnormal, unintended, willful and wanton use and/or misuse of the product allegedly manufactured and/or sold by GE, which use and/or misuse was not foreseeable by GE.

### TWELFTH SEPARATE DEFENSE

Any product sold by GE which is allegedly involved in this action was improperly used and/or modified by the Plaintiff and/or its agents, or third-persons over whom GE had no administration, supervision or control, and any such damages allegedly sustained by the Plaintiff arose from such improper use and/or modification of any such product.

TRAFLET &FABIAN
Attorneys at Law
Carriage Court Two
264 South Street
Morristown, NJ  07960
(973) 631-6222
Fax (973) 631-6226

- 4 -

### THIRTEENTH SEPARATE DEFENSE

Any product manufactured and/or sold by GE which is allegedly involved in this action was improperly maintained and/or installed by the Plaintiff or by third persons over whom GE had no administration, supervision or control, nor right of control, and for whose actions GE is not and cannot be liable.

### FOURTEENTH SEPARATE DEFENSE

The utility of any product manufactured and/or sold by GE which is allegedly involved in this action outweighs any risks involved in its intended use at the time Plaintiff allegedly sustained damage.

### FIFTEENTH SEPARATE DEFENSE

At the time the product left the control of GE, there was no practical and technically feasible alternative design that would have prevented the alleged harm without substantially impairing the reasonably anticipated or intended function of the product.

### SIXTEENTH SEPARATE DEFENSE

GE had no duty to warn Plaintiff of any alleged dangers associated with the product that is the subject of the Complaint.  Further the warnings or instructions provided by GE were adequate.

### SEVENTEENTH SEPARATE DEFENSE

Any claim against GE should be dismissed because Plaintiff's and/or a third-party's spoliation of evidence has prejudiced GE's ability to defend itself in this matter.

### EIGHTEENTH SEPARATE DEFENSE

The Plaintiff knowingly and voluntarily encountered a known risk.

TRAFLET & FABIAN
Attorneys at Law
Carriage Court Two
264 South Street
Morristown, NJ  07960
(973) 631-6222
Fax (973) 631-6226

- 5 -

### NINETEENTH SEPARATE DEFENSE

The claims against GE are barred by the applicable statute of limitations.

### TWENTIETH SEPARATE DEFENSE

Plaintiff has failed to mitigate its damages.

### TWENTY-FIRST SEPARATE DEFENSE

To the extent that Plaintiff seeks consequential damages, the claim is barred since Plaintiff's damages were not foreseeable to GE and could have been avoided by the Plaintiff.

### TWENTY-SECOND SEPARATE DEFENSE

GE is entitled to a set-off or credit against any possible recovery by Plaintiff.

### TWENTY-THIRD SEPARATE DEFENSE

The Complaint fails to state a claim against GE upon which relief may be granted.


WHEREFORE, defendant GE demands judgment dismissing the Complaint with prejudice and awarding GE its costs and fees incurred in defending this suit.


### CROSSCLAIMS
### (FIRST COUNT-CONTRIBUTION)

GE denies that it is in any way liable to the Plaintiff under the claims for relief asserted in the Complaint.  However, if GE is held responsible for damages allegedly suffered by Plaintiff, GE is entitled to contribution from Defendant ABC Corporation and any future Defendants in this matter under New Jersey law.


WHEREFORE, GE demands judgment against Defendant ABC Corporation and any future Defendants pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution

TRAFLET &FABIAN
Attorneys at Law
Carriage Court Two
264 South Street
Morristown, NJ 07960
(973) 631-6222
Fax (973) 631-6226

- 6 -

Act, N.J.S.A. 2A:53A-1, *et seq.,* the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq.,* and common law.

### (SECOND COUNT-INDEMNIFICATION)

GE denies that it is in any way liable to the Plaintiff under the claims for relief asserted in the Complaint.  However, if GE is held responsible for any damages allegedly suffered by Plaintiff, such liability is merely secondary, imputed or vicarious and, as a result, any damages for which GE may be liable are chargeable to Defendant ABC Corporation and any future Defendants, under common law and/or contractual indemnification.

WHEREFORE, GE demands judgment against Defendant ABC Corporation and any future Defendants for all sums for which GE may be held liable to the Plaintiff.

<div style="margin-left:50%">

TRAFLET & FABIAN

By:  s/  Stephen G. Traflet
     Stephen G. Traflet
     TRAFLET & FABIAN
     264 South Street
     Morristown, NJ  07960
     (p) 973.631.6222
     (f) 973.631.6226
     straflet@trafletfabian.com

     Attorneys for Defendant
     General Electric Company

</div>

DATED:  July 10, 2006

TRAFLET &FABIAN
Attorneys at Law
Carriage Court Two
264 South Street
Morristown, NJ  07960
(973) 631-6222
Fax (973) 631-6226

- 7 -

## **DESIGNATION OF TRIAL COUNSEL**

General Electric Company hereby designates Stephen G. Traflet and David Michael Fabian as trial counsel in the above-captioned matter.

## **LOCAL RULE 11.2 CERTIFICATION**

I certify that the matter in controversy is not the subject of any other known action pending in any court, or of any pending arbitration, or administrative proceeding.

By: s/  Stephen G. Traflet
Stephen G. Traflet
TRAFLET & FABIAN
264 South Street
Morristown, NJ  07960
(p) 973.631.6222
(f) 973.631.6226
straflet@trafletfabian.com

Attorneys for Defendant
General Electric Company

Dated:  July 10, 2006

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38 and Local Rule 38.1, GE demands a trial by jury on all issues.

TRAFLET &FABIAN
Attorneys at Law
Carriage Court Two
264 South Street
Morristown, NJ  07960
(973) 631-6222
Fax (973) 631-6226

- 8 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing pleading to be forwarded by first-class mail, postage-prepaid upon all counsel of record as follows:

Christopher Perez, Esq.
Sachs, Maitlin, Fleming & Greene
80 Main Street
West Orange, NJ  07052


                    s/ Stephen G. Traflet
                    STEPHEN G. TRAFLET

DATED:  July 10, 2006

TRAFLET &FABIAN
Attorneys at Law
Carriage Court Two
264 South Street
Morristown, NJ  07960
(973) 631-6222
Fax (973) 631-6226

- 9 -